UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD K. DELISLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL T. MALONEY, )<br>)<br>Respondent. )<br>) | Civil Action No. 04-11906-JLT |

## ANSWER TO PETITION
## FOR A WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), the respondent, Michael T. Maloney, by and through his counsel, the Attorney General of the Commonwealth of Massachusetts, hereby answers the Petition for a Writ of Habeas Corpus (the "Petition") as follows:

1.  The respondent admits the factual allegations contained in paragraph 1 of the Petition.

2.  The respondent admits the factual allegations contained in paragraph 2 of the Petition.

3.  The respondent admits the factual allegations contained in paragraph 3 of the Petition.

4.  The respondent denies the factual allegations contained in paragraph 4 of the Petition. Answering further, the respondent states that the petitioner was convicted of violating an abuse prevention order (three counts), assault and battery, intimidating a witness and attempted extortion.

5. The respondent admits the factual allegations contained in paragraph 5 of the Petition.

6. The respondent admits the factual allegations contained in paragraph 6 of the Petition.

7. The respondent admits, on information and belief, the factual allegations contained in paragraph 7 of the Petition.

8. The respondent admits the factual allegations contained in paragraph 8 of the Petition.

9. The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the Petition, except the respondent states that the petitioner originally appealed to the Massachusetts Appeals Court. His appeal was then transferred to the Massachusetts Supreme Judicial Court. The respondent denies the factual allegations contained in subparagraph 9(d) of the Petition insofar as they are inconsistent with the brief and record appendix submitted by the petitioner to the Massachusetts Supreme Judicial Court on appeal. Subparagraphs 9(e)-(f) are blank and therefore require no response.

10. The respondent admits, on information and belief, the factual allegations contained in paragraph 10 of the Petition.

11. The respondent lacks knowledge or information sufficient to admit or deny the factual allegations contained in paragraph 11 of the Petition.

12. The respondent states that paragraph 12 of the Petition contains legal argument and conclusions to which no response is required. To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12 of the Petition

insofar as they are inconsistent with the facts found by the trial court or the Massachusetts Supreme Judicial Court in Commonwealth v. Delisle, 440 Mass. 137, 794 N.E.2d 1191 (2003).

13. Paragraph 13 of the Petition is blank and therefore requires no response.

14. The respondent admits, on information and belief, the factual allegations contained in paragraph 14 of the Petition.

15. Subparagraphs 15(a)-(b) of the Petition are blank and therefore require no response. The respondent admits the factual allegations contained in subparagraphs 15(c)-(g) of the Petition.

16. The respondent admits the factual allegations contained paragraph 16 of the Petition.

17. The respondent lacks knowledge or information sufficient to admit or deny the factual allegations contained in paragraph 17 of the Petition.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

### Fourth Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claim did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. See 28 U.S.C. § 2254(d)(2).

### Fifth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claim. See 28 U.S.C. § 2254(e)(1).

### Sixth Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The Petition should be denied to the extent that the petitioner's grounds for relief are premised solely on matters of state law.

### Eighth Affirmative Defense

The Petition should be denied to the extent that the petitioner failed to exhaust available state-court remedies with respect to the claim in the Petition. See 28 U.S.C. § 2254(b).

### Ninth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that based on his preliminary review, the petitioner appears to have exhausted his state-court remedies and to have timely filed the Petition. See 28 U.S.C. §§ 2244(d) and 2254(b). Relevant portions of the state-court record are contained in the respondent's Supplemental Appendix, which is filed herewith.

**WHEREFORE**, the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Respectfully submitted,

THOMAS F. REILLY,
Dated: November 5, 2004          ATTORNEY GENERAL

/s/ Natalie S. Monroe
Natalie S. Monroe (BBO No. 562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2833

### Certificate of Service

I hereby certify that on November 5, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the *pro se* petitioner, Donald K. Delisle, Prisoner No. W66073, Bridgewater State Hospital, 20 Administration Road, Bridgewater, Massachusetts 02324.

/s/ Natalie S. Monroe
Natalie S. Monroe