UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD K. DELISLE,

        Petitioner,

                                          Civil Action No. 04-11906-JLT

v.

MICHAEL T. MALONEY,

        Respondent.

REPORT AND RECOMMENDATION ON PETITION FOR HABEAS CORPUS

SOROKIN, M.J.

On September 8, 2004, Donald K. Delisle petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Before the court are the parties' briefs supporting and opposing the petition.

BACKGROUND

The following summary of facts is taken from the Supreme Judicial Court's (SJC) decision in Commonwealth v. Delisle, 440 Mass. 137 (2003). The facts set forth by the SJC are presumed to be correct. 28 U.S.C. § 2254(e)(1). See also Gunter v. Maloney, 291 F.3d 74, 76 (1st Cir. 2002).

Delisle was convicted in 1990 of: (1) three counts of violating an abuse prevention order, (2) assault and battery, (3) intimidation of a witness, and (4) attempted extortion. He was sentenced to four years in a house of correction for the violations of an abuse prevention order and assault and battery. In addition, Delisle received a State prison sentence of twelve to fifteen years on the attempted extortion conviction. This latter sentence was suspended for a four year

period of probation, to commence upon his release from the house of correction.  Among the several special conditions of probation imposed by the sentencing judge were that Delisle participate in substance abuse counseling and personal counseling or therapy as required by the probation department.

In May 1995, Delisle was released after serving four years in the house of correction.  He then began his probation.  Delisle was subsequently surrendered on his probation three times.  It is the third surrender hearing that is the subject of the instant petition.

In January 1998, Delisle was surrendered on his probation for the first time, for failure to pay his monthly probation fee as required.  A judge in Suffolk Superior Court reimposed his probation to the original term, and additionally required Delisle to attend Alcoholics Anonymous meetings and enroll in a program for batterers called Emerge.  Delisle signed the revised probation contract without objection.

Probation issued a second surrender notice to Delisle in October 1998, because he had been expelled from Emerge on August 26, 1998 due to poor performance and poor attendance, and because he was charged on three occasions during the spring and summer of 1998 with criminal violations of an abuse prevention order in the East Boston District Court.

On November 17, 1998, Emerge sent to Delisle a letter in which it offered to allow him to reenter the program if he agreed to three conditions.  First, Delisle could not be "verbally, emotionally, financially, or physically abusive toward [his wife] . . . "  Second, Delisle could not accept money from his wife for his weekly $20 Emerge fee.  Third, Delisle was required to "[w]rite a letter stating all of [his] abuse of [his wife], the effects of each act on [her], and how each occurrence could have been avoided."  Following receipt of this letter, Delisle attended an

Emerge session on December 8, 1998.

Delisle's second surrender hearing was held six days later, on December 14, 1998. The judge reimposed Delisle's probation, including all previously imposed conditions and the condition that he report any new arrests to his probation officer. The probation period was extended from May 12, 1999 to December 14, 1999. The probation contract contained the following provision:

> If you fail to comply with any of the following conditions of probation, now placed on you by this court, you may be ordered to appear again in court, after due notice, and the court may change the conditions, extend the period of probation, or impose sentence.

Delisle signed the probation contract without objection.

The very next day, on December 15, 1998, Delisle took twenty dollars from his wife's bank account and went to an Emerge session, where he was told that he had not yet met the conditions for readmission set forth in the letter of November 17, 1998. He was given one week to write the re-enrollment letter, else be denied readmission to the program. Delisle left the Emerge session, returned home, and physically assaulted his wife.

On the following day, Mrs. Delisle telephoned Emerge and Delisle's probation officer to report the assault. Emerge sent a letter by facsimile to Delisle's probation officer informing him that Delisle was denied readmission to the program because: (1) he had abused his wife; (2) he used her money to pay the weekly session fee; and (3) he failed to write the re-enrollment letter.

Delisle's probation officer prepared a third surrender notice on December 18, 1998. The notice alleged that Delisle had violated the terms of his probation for the third time, by Emerge's denial of his readmission to the program, and by Probation's discovery of new criminal

complaints for abuse and assault that were lodged against Delisle in Lynn District Court on October 20, 1998. Notably, Delisle had not disclosed these new complaints to his probation officer or to the judge at the time of the December 14, 1998 hearing on his second surrender.

After Delisle received the third surrender notice, he had another altercation with his wife which resulted in his arrest, and yet another set of criminal charges that were brought against him in East Boston District Court. On December 28, 1998, Delisle was served with an amended third notice of surrender, which added these recent abuse charges and the December 15, 1998 assault claim, as additional grounds for surrender separate from his termination from Emerge.

A third surrender hearing was scheduled to begin in January 1999. Immediately prior to that hearing, Delisle was found guilty of the October 20, 1998 assault and abuse charges by a jury in Lynn District Court. He was sentenced to four and one-half years in a house of correction.

Delisle's third surrender hearing was then held over several days in January and February 1999. He conceded that he had been convicted and sentenced on the October 1998 offenses, and that they constituted one of the grounds on which his third surrender was based. Delisle did not dispute, and the judge found, that he had failed to inform the judge presiding over the second surrender hearing on December 14, 1998 of the new charges for assaults that were then pending against him in Lynn District Court. This was a violation of his probation. In addition, the judge found that Delisle was terminated from Emerge for: (1) his failure to write the re-enrollment letter; (2) his failure to pay the Emerge program fee with his own money; and (3) his assault on his wife on December 15, 1998. Based on the above findings, the judge ruled that Delisle had violated the terms of his probation. He revoked Delisle's probation and imposed the suspended twelve to fifteen year sentence to State prison.

Delisle filed an appeal, arguing that the revocation of his probation was in violation of the Fifth Amendment because it was based upon his termination from Emerge, in part due to his failure to write a "self incriminating" re-enrollment letter which disclosed abuse of his wife. Delisle also argued that the requirement that he attend Emerge was an impermissible modification of the original conditions of his probation. The SJC assumed jurisdiction of the matter on its own motion and affirmed the order revoking the probation.

The SJC affirmed the revocation of probation and imposition of sentence on two grounds: (1) that Delisle's repeated assaults on his wife, including a conviction for such conduct while on probation, provided ample basis for revocation of his probation, wholly separate from his termination from Emerge; (2) that Delisle's Fifth Amendment privilege against self-incrimination was not implicated by Emerge's requirement that he write a re-enrollment letter describing acts of abuse; and (3) that the requirement that Delisle attend Emerge was not an impermissible modification of the terms of his probation, as an original condition was that he participate in an unspecified program.

The instant petition advances only one claim, namely that the revocation of Delisle's probation violated the Fifth Amendment because the revocation was based "in large part" on his refusal to disclose to Emerge, a court mandated batterers program, prior instances of abuse he may have committed against his wife.

## DISCUSSION

Federal habeas review is precluded if a previous state court decision rested on "independent and adequate state grounds" to support the judgment. Simpson v. Matesanz, 175 F.3d 200, 205 (1st Cir. 1999), quoting Trest v. Cain, 522 U.S. 87 (1997). See also Coleman v.

Thompson, 501 U.S. 722, 729 (1991) (noting that the rule of preclusion applies to both substantive and procedural state law rulings). "[T]he application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what [the U.S. Supreme Court] could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of [the Supreme Court's] jurisdiction and a means to undermine the State's interest in enforcing its laws." Id. at 730.

To determine whether the state court relied on an independent and adequate state ground, it is the last "*explained* state court judgment" that is reviewed. Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (emphasis in original). Therefore, the SJC's decision in Delisle, 440 Mass. 137, is the pertinent case. In habeas review, if the last state court decision "fairly appeared to rest primarily on the resolution of [the petitioner's federal claims], or to be interwoven with those claims, and did not *clearly* and *expressly* rely on an independent and adequate state ground, a federal court may address the petition." Coleman, 501 U.S. at 735 (emphases added).

As the Commonwealth points out in its memorandum, the SJC's decision clearly rests on an independent and adequate state law ground. The SJC ruled that

> A fair reading of the record of the surrender hearing and the judge's findings support the conclusion that the judge revoked Delisle's probation not only because he was terminated from Emerge, but also because he was convicted of violent offenses against his wife in the Lynn District Court, and because he assaulted his wife on December 15, 1998, on returning from an Emerge session. Repeated assaults perpetrated by a convicted batterer in violation of the terms of his probation are serious matters, and *there is no doubt that they provided an ample basis* for the revocation of Delisle's probation *quite apart* from his termination from Emerge.

Delisle, 440 Mass. at 143 (emphases added). Moreover, the SJC found that the triggering event of

Delisle's termination from Emerge was not his refusal to write the re-enrollment letter; rather, it was the assault on his wife. Id., at n. 12.

Thus, the SJC's decision makes it abundantly clear that it found Delisle's numerous assaults on his wife to constitute sufficient grounds alone, without consideration of his termination from Emerge, to justify a revocation of probation and imposition of the sentence, especially in light of the numerous opportunities extended to Delisle at his previous two surrender hearings.

That the SJC engaged in a Fifth Amendment analysis, after finding the revocation and sentence supported fully without regard to the letter giving rise to the Fifth Amendment issue, does not provide a "good reason to question whether there is an independent and adequate state ground for the decision." Coleman, 501 U.S. at 739. A "state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires a federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law . . . In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity." Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (internal citations omitted).

That is what the SJC did. The express language of Delisle's probation contract made it clear that if he failed to comply with any condition of his probation, the court could "change the conditions, extend the period of probation, or impose sentence." Before it addressed Delisle's Fifth Amendment claim, the SJC first ruled that Delisle's repeated assaults on his wife were violations of the conditions of his probation, and constituted sufficient grounds on their own to justify a revocation of Delisle's probation and imposition of sentence. Thus, the SJC's decision rests on a "clear" and "express" statement of an independent and adequate state law ground, and federal habeas

review is precluded.

## CONCLUSION

For the reasons stated above, this court recommends to the District Judge to whom this case is assigned that Judgment enter dismissing the Petition for lack of jurisdiction.[1]

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

Date: June 9, 2005.

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 10 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.