UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD K. DELISLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 04-11096-JLT |
| | § | |
| MICHAEL T. MALONEY, | § | |
| ET AL. | § | |
| | § | |
| Respondents. | § | |
| | § | |

PETITIONER'S OBJECTIONS
TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72, the petitioner (Delisle) respectfully submits the

following objections to the magistrate judge's report and recommendations, issued on

June 10, 2005.

The magistrate judge recommended, Report and Recommendations, at 8, that the

petition should be dismissed for lack of jurisdiction on the ground that the opinion of the

Supreme Judicial Court (SJC) set out an "independent and adequate state ground," Trest

v. Cain, 522 U.S. 87, ___, 118 S.Ct. 478, 480 (1997), that precluded review of the

decision. Specifically, the magistrate-judge cited the SJC's providing an alternative

State-law substantive basis for revoking probation derived from findings made by the

hearing judge on nonconstitutional grounds and other evidence mined from the record.

See Report and Recommendations, at 1-5.

As will be shown below, until <u>Commonwealth</u> v. <u>Delisle</u>, 440 Mass. 137 (2003),

was handed down, the invariable rule of practice of the Massachusetts appellate courts in

probation revocation cases, both in the SJC and the Appeals Court, was to remand to the

hearing judge for reconsideration of the decision to revoke probation when an appellate

court held that the hearing judge relied partly either on inadmissible evidence or on an

improper ground in revoking probation, <u>regardless whether or not other evidence or</u>

<u>other grounds in the record supported the hearing judge's decision to revoke probation.</u>

Hitherto no Massachusetts appellate court relied on an alternative State-law substantive

basis otherwise to uphold an order revoking probation in such circumstances. Here,

apparently for no purpose other than to thwart Federal judicial review of a highly

questionable resolution of a Federal constitutional claim, the SJC gratuitously supplied

an alternative State-law substantive basis which was in no way necessary to the decision

and which the SJC would not hitherto have supplied <u>even to salvage</u> an order revoking

probation if it had found in a defendant's favor on a constitutional claim.

Only a "firmly established and regularly followed state practice" may be

interposed to prevent Federal judicial review of a Federal constitutional claim. <u>James</u> v.

<u>Kentucky</u>, 466 U.S. 341, 348-351, 104 S.Ct. 1830, 1835-1837 (1984). Put another way,

"[n]ovelty in procedural requirements cannot be permitted to thwart [Federal] review . . .

applied for by those who, in justified reliance upon prior decisions, seek vindication in

state courts of their federal constitutional rights." <u>NAACP</u> v. <u>Alabama ex rel. Patterson</u>,

357 U.S. 449, 457-458, 78 S.Ct. 11634, 1169-1170 (1958). Indeed, in NAACP, the
United States Supreme Court declined to apply a State procedural rule, even though the
rule appeared "in retrospect to form part of a consistent pattern of procedures," because
the defendant in that case could not be deemed to have been apprised of its existence."
Id., at 457, S.Ct. at 11. See also Barr v. City of Columbia, 378 U.S. 146, 149, 84 S.Ct.
1734, 1736 (1964) (State procedural rules "not strictly or regularly followed" may not
bar Federal review).

It is true that the Massachusetts appellate courts often follow the "right for any
reason" approach. That is, "on appeal [an appellate court] may consider any ground
apparent on the record that supports the result reached in the lower court." Gabbidon v.
King, 414 Mass. 685, 686 (1993); J.R. Nolan, Civil Practice § 1019 (Supp. 2001).
Therefore, "[a] prevailing party is . . . entitled to argue on appeal that the judge was right
for the wrong reason, even relying on a principle of law of law not argued below."
Aetna Cas. & Sur. Co. v. Continental Cas. Co., 413 Mass. 730, 734-735 (1992). This
rule is applicable as well to criminal cases. See Commonwealth v. Mottola, 10 Mass.
App. Ct. 775, 781 (1980). Nevertheless, Massachusetts appellate courts have never
previously applied this rule of practice in a probation revocation case where the trial
judge revoked probation based in part either on inadmissible evidence or on an improper
ground.

For example, in Brown, petitioner, 395 Mass. 1006 (1985), Brown's probation

-3-

was revoked based on evidence that he had violated the terms of his probation by continued involvement in "drug trafficking." Police officer witnesses testified to Brown's own admissions as well as hearsay from unnamed informants that implicated Brown in drug dealing, and the hearing judge relied on both. Id., at 1007. On appeal to the single justice of the Supreme Judicial Court under the general superintendency powers, G.L. c. 211, § 3, the single justice held that the hearsay from unnamed informants lacked sufficient "indicia of reliability" and (quoting the single justice) "would not justify the order revoking [Brown's] probation." Ibid. The single justice went on to state that the hearing judge "appear[ed] to have regarded Brown's uncontroverted admissions as most significant." Ibid. Based on his evaluation of the record, the single justice then held that admissions (without the hearsay) were sufficient to uphold the order revoking probation and decided against remanding to determine (quoting the single justice) "whether the evidence apart from the hearsay statements attributed to informants would lead the judge to the same conclusion that he reached previously," ibid. – essentially applying the "right for any reason" rule of practice.

On further appeal to the full panel under G.L. c. 211, § 4A, the Supreme Judicial Court agreed with the single justice's conclusions regarding the inadmissibility of the hearsay from the informants and also concluded that (quoting the full panel) "the defendant's admissions provide sufficient evidence to warrant a revocation of the defendant's probation," the full panel nonetheless remanded "this issue for determination

by the hearing judge, who is responsible for determining the weight and credibility of the

evidence. Ibid. On remand, the hearing judge was ordered "to render a new decision b

based solely upon the evidence apart from the hearsay statements." Ibid. The full panel

held that it was not apparent from the record that the hearing judge relied solely on

Brown's admissions when he revoked probation. Ibid. See Commonwealth v. Brown,

23 Mass. App. Ct. 612, 615-617 (1987).

A similar issue arose in an Appeals Court case, Commonwealth v. Joubert, 38

Mass. App. Ct. 943, 944-945 (1995), where that court reversed an order revoking

probation and remanded for rehearing, where, though the hearing judge held could

properly base his order of revocation upon indecent assault by Joubert on his wife's

friend, the hearing judge's findings showed that he also relied upon an unsubstantiated

claim of unlawful touching of a child in considering whether or not to revoke probation.

The Appeals Court's summary of the procedural posture of the case was as follows:

> Although there was sufficient evidence to revoke the defendant's probation
> on the basis of the indecent assault and battery upon the adult, it appears
> from the [hearing] judge's written decision that the revocation was also
> based upon the child's hearsay statement that her father [the defendant] had
> touched her vagina. Concluding that there is nothing in the record to show
> that the hearsay was substantially reliable, we reverse the order revoking
> the defendant's probation and remand the matter.

Id., at 943. The Appeals Court went on to make clear that it was not merely a matter of

substantiating a ground justifying revocation of probation through admission of

appropriate evidence, but to assure that all the grounds the judge considered in revoking

probation were proper, given the judge's discretion either to continue or revoke

probation after finding a violation:

> Although the [hearing] judge could properly base his order of revocation
> upon the indecent assault upon the wife's friend, it is apparent from his
> findings that he also relied upon the unsubstantiated claim of an unlawful
> touching of the child in considering whether to "continue or revoke the
> suspension of the execution of . . . [the defendant's] sentence." G.L.
> c. 279, § 3, as amended through St. 1974, c. 300.

Id., at 946.[1] Cf. Commonwealth v. Vizcarrondo, 427 Mass. 392, 398 (1998) (a decision

supportable on one ground, but not another, must be set aside when it is impossible to tell

which ground was relied upon).

There is no dispute that among the findings the hearing judge made seriatim,

which he followed up with a general statement that "with those findings, I find as a fact

that [Delisle] did violate the terms of his probation" (IV, 79), was a finding that Delisle

"was terminated from the [court-mandated] Emerge program, the grounds for which . . .

---

[1] Although unpublished dispositions do not have precedential weight, they are illustrative of the Massachusetts appellate courts' continued adherence to the principles laid down in cases like Brown and Joubert. In Commonwealth v. Collins, 56 Mass. App. Ct. 1113 (2002) (2002 WL 31728728), for example, the Appeals Court held that revocation was improperly based on a ground (expulsion from two batterers' programs) that was not charged in the notice of hearing. Citing Joubert, 38 Mass. App. Ct. at 946, the Appeals Court pointed out, at 2, that it did not matter that the hearing judge might possibly be able to justify the revocation by reference only to one expulsion, where the submissions at the hearing and the judge's findings show that he improperly relied on another expulsion not cited in the notice of hearing. Contrast Commonwealth v. Marchant, 52 Mass. App. Ct. 1109 (2001) (2001 WL 940284, at 1) ("Unlike in Brown, petitioner, 395 Mass. 1006, 1007 (1985), and Commonwealth v. Joubert, 38 Mass. App. Ct. 943, 944-945 (1995), the [hearing] judge's findings of fact, rulings of law, and decision make clear not only that the judge relied upon appropriate evidence in determining that the defendant had violated his probation upon three distinct grounds but also that the intended disposition for all the found violations warranted commitment rather than a return to probation status.").

-6-

are that on December 145, 1998, he failed to write an essay concerning his abuse of

Anita Delisle [his wife] that had been requested of him" (IV, 78). On very good

authority,[2] Delisle contended on appeal that a requirement of a court-mandated batterers'

therapy program that required he make self-incriminating disclosures violated his Fifth

Amendment privilege against self-incrimination.    As in Brown and Joubert, the hearing

judge here did not distinguish in his findings the grounds he gave for revoking, as

opposed to continuing probation. He simply said:

> I'm prepared to find by a preponderance of evidence that the Lynn District
> Court case 9813 CR 5558 was not brought to the attention of Judge
> Quinlan. That's a ruling I've made.
>
> I find as a fact that the defendant was terminated from the Emerge program,
> the grounds for which I find that on December 15, 1998, he failed to write
> an essay concerning his abuse of Anita Delisle that had been requested of
> him. (With a period after that.)
>
> I find that he failed to pay the twenty dollar group session fee as
> contemplated; that is, that it was his responsibility to pay for that and that it
> was part of his therapy that was to be then administered.
>
> And I do find that he did step on her foot and drove his knee into her leg,
> knowing that that action would cause her pain.
>
> And I thing with those findings, I find as a fact that he did violate the terms
> of his probation set out in the sentence of the Hampshire County sitting of

---

    [2] In addition to Mace v. Amestoy, 765 F. Supp. 847 (D. Vt. 1991), see, e.g., James v.
State, 75 P.3d 1065, 1072 (App. Alaska 2003); State ex rel. Tate v. Schwarz, 257 Wis.2d 40,
___, 654 N.W.2d 438, 441 (2002); In re Lineberry, 154 N.C. App. 246, 255, 572 S.E.2d 229, 236
(2002); State v. Evans, 144 Ohio App.3d 539, ___, 760 N.E.2d 909, 924 (2001); State v. Reyes,
93 Haw. 321, 329, 2 P.3d 725, 733 (App. 2000); State v. Imlay, 249 Mont. 82, ___, 813 P.2d
979, 985 (1991), cert. granted sub nom. Montana v. Imlay, 503 U.S. 905, 112 S.Ct. 1260, 117
L.Ed.2d 489, cert. dismissed, 506 U.S. 5, 113 S.Ct. 444, 121 L.Ed.2d 310 (1992).

this Court in 1991.

Again, I make these findings by a preponderance of the evidence.

(IV, 78 -79). Then, in deciding whether or not to revoke probation, having found a

violation, the hearing judge said:

> . . . I am more persuaded in this case about the defendant's actions and
> inactions, after having been told to enter the Emerge program, the reasons
> for entering the Emerge program, the reasons for observing that program,
> the reasons for an enthusiastic participation in the program, an attempt to
> reach this defendant to get him to understand his underlying problems,
> which the evidence in this case shows, at least in part, Mrs. Delisle
> stimulated. He didn't do it and he was given more than one chance to do it.
> He didn't do it.

(IV, 81).

## CONCLUSION

Consequently, if the SJC had decided Delisle's constitutional claim correctly, the remand would have been to the hearing judge "to render a new decision based solely upon the evidence apart from" Delisle's termination from the Emerge program, despite the existence vel non of alternative State-law substantive basis for upholding the order revoking probation. In evaluating the merits of Delisle's appeal, the Massachusetts appellate courts hitherto would have considered only the constitutional issue he raised. The insertion of an alternative State-law substantive basis of the claim is novel and can by no means be considered a "firmly established and regularly followed state practice."

Date: June 21, 2005.

William W. Adams

William W. Adams
Mass. BBO No. 549406
*Attorney for the Petitioner*
203 Summit Street
Plainfield, Massachusetts 01070-0038
Tel (413) 634-0062
Fax (413) 634-0340

-9-

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true copy of the above *Petitioner's Objection to Magistrate Judge's Report and Recommendation* by first-class mail, postage prepaid, upon Ms. Maura D. McLaughlin, Assistant Attorney General, One Ashburton Place, Boston, Massachusetts 02108.

Date:  June 21, 2005.

William W. Adams
Mass. BBO No. 549406